UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAUNDRA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1912 (RC) |
| | ) | |
| LAW OFFICE OF GALIHER, CLARKE & GALIHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The instant action is the second the plaintiff has brought against the Law Office of Galiher, Clarke & Galiher and Richard W. Galiher, Jr., whom she retained in 2009 to represent her in a worker's compensation matter, that is, a request for a modification of an April 20, 2005 Compensation Order to award her permanent total disability benefits. The Court granted Defendant's Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), and dismissed the prior case because the complaint failed to state a claim upon which relief could be granted. *Taylor v. Law Office of Galiher, Clarke & Galiher*, No. CV 14-1166, 2015 WL 5174007, at *5 (D.D.C. Sept. 2, 2015), *aff'd sub nom. Taylor v. Law Office of Galiher*, No. 15-7093, 2016 WL 232008 (D.C. Cir. Jan. 14, 2016) (per curiam).

On October 7, 2016, the Court issued an Order to Show Cause, ECF No. 4, why the instant action should not be dismissed. It appeared that the Complaint fails to state a claim upon which relief can be granted because the claims set forth therein are barred under the doctrine of

1

res judicata.  This matter has come before the Court on "Plaintiff's Response to Order [to] Show Cause Order of October 7, 2016," ECF No. 5 ("Pl.'s Resp.").

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted).  "Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'"  *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)).

It is apparent that the plaintiff brings the same claim against the same parties both in the prior case and in the instant action.  Here, the legal malpractice claim arises from the defendants' representation of the plaintiff in the same worker's compensation matter, including a hearing in October 2009 culminating in an order issued in August 2010.   This Court, a court of competent jurisdiction, entered a final judgment on the merits of the plaintiff's claim.

The plaintiff asserts that the Court's order to show cause is premature because the defendants have not yet responded to her Complaint.  *See* Pl.'s Resp. at 1.  She further asserts that the dismissal of the prior case did "not specif[y] failure to state a claim operates as an adjudication up[on] merits," *id*., and she considers it the defendants' obligation to assert *res judicata* as a defense, *id*. at 2.  Further, the plaintiff contends, the dismissal of the prior case is not an adjudication on the merits because the Court did "not find the defendants were not

negligen[t] on the same cause of action[.]" *Id*. Lastly, the plaintiff argues that "a Rule 12(b)(6) dismissal is a procedural defeat rather than a final decision." *Id*. The plaintiff is mistaken.

The Court need not wait until the defendants have had an opportunity to respond to the Complaint where, as here, it "determines that . . . the action . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(d)(2). The dismissal of the plaintiff's prior case operates as an adjudication on the merits for purposes of res judicata. *See, e.g., Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Polsby v. Thompson*, 201 F. Supp. 2d 45, 49 (D.D.C. 2002). Its preclusive effect is not dependent on an express warning in the Memorandum Opinion and Order dismissing the prior case. This "judgment bars any further claim based on the same 'nucleus of facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'" *Page*, 729 F.2d at 820 (footnote and citations omitted). Res judicata thus prevents a party from relitigating in a separate proceeding "any ground for relief which [she] already [has] had an opportunity to litigate[,] even if [she] chose not to exploit that opportunity," and regardless of the soundness of the earlier judgment. *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously") (citation omitted).

The Court concludes that the plaintiff's *pro se* Complaint fails to state a claim upon which relief can be granted because the claims set forth therein are barred under the doctrine of res judicata. To preclude the plaintiff from contesting matters she already has litigated "protects [her] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent

decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). The Complaint and this civil action will be dismissed. An Order is issued separately.


DATE: October 31, 2016                         /s/
                                               RUDOLPH CONTRERAS
                                               United States District Judge